UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROUK MOHAMMED A. (A-246-800-415),[1]<br>Petitioner,<br>v.<br>CHRISTOPHER CHESTNUT, et al.,<br>Respondents. | No. 1:26-cv-6607 TLN CSK<br><br>FINDINGS AND RECOMMENDATIONS |

Petitioner Farouk Mohammed A. (A-246-800-415), a native and citizen of Egypt, through counsel, filed a motion to enforce the district court's prior order granting a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and requiring respondents to provide a bond hearing.[2] (ECF No. 17.) On September 23, 2026, the district court granted the habeas petition and ordered a bond hearing before a neutral factfinder within seven days. (ECF No. 12.) At the September 28, 2026 bond hearing, the immigration judge ("IJ") denied bond, finding that the

[1] The Court omits petitioner's full name to protect sensitive personal information. See Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

Department of Homeland Security ("DHS") "established by clear and convincing evidence that respondent is a significant flight risk." (ECF No. 14 at 2.) Petitioner seeks to enforce the district court's September 23, 2026 order, arguing that the government did not prove its case by clear and convincing evidence at the September 28, 2026 bond hearing, and the immigration judge failed to comply with the district court's September 23, 2026 order. (ECF No. 15.) For the reasons that follow, the Court recommends granting the motion to enforce, and ordering petitioner's immediate release from detention.

## I. BACKGROUND

The Court incorporates the background provided in the September 14, 2026 findings and recommendations. (ECF No. 10.) This section focuses on developments since the findings and recommendations were issued.

On September 23, 2026, the district court adopted the September 14, 2026 findings and recommendations, granting the petition, finding respondents violated due process by prolonging petitioner's detention. (ECF No. 12.) The district court ordered the following:

> Respondents are ENJOINED from continuing to detain Petitioner Farouk Mohammed A. (A# 246-800-415) for more than seven (7) days from the date of this Order (unless Petitioner seeks additional time to prepare) without a bond hearing before a neutral factfinder at which the government bears the burden to establish by clear and convincing evidence that Petitioner's ongoing detention is justified due to danger to the public or flight risk. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, Petitioner shall be allowed to have counsel present. If the government fails to meet its burden, Respondents must immediately release Petitioner. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing.

(ECF No. 12 at 2.)

The bond hearing was noticed on September 23, 2026, and personally served on petitioner. (ECF No. 22 at 7.) An immigration judge held a bond hearing within the required timeframe on September 28, 2026, but denied bond, stating only that "DHS established by clear and convincing evidence that respondent is a significant flight risk such that no amount of bond is appropriate." (ECF No. 14 at 2.) Petitioner reserved the right to appeal. (Id.)

On October 18, 2026, petitioner filed an emergency motion to enforce, contending that the

bond hearing was cursory and inadequate, the government failed to prove its case by clear and convincing evidence, and the immigration judge failed to comply with the district court's September 23, 2026 order. (ECF No. 15.) Petitioner argues there was no evidence presented that petitioner poses a flight risk, and the immigration judge "defied the Court's directive to consider alternatives to detention, not considering any at all." (Id. at 4.) At the time petitioner filed his motion, he had not filed an appeal of the immigration judge's decision. (Id. at 11.) On October 22, 2026, respondents timely filed their opposition, along with a digital recording of the bond hearing, arguing the bond hearing was timely held in compliance with the district court's order; the immigration judge properly recognized the government had to prove danger or flight risk by clear and convincing evidence, and properly applied that standard; and petitioner failed to appeal the decision. (ECF No. 22.) On October 25, 2026, petitioner timely filed a reply, noting that respondents concede the immigration judge did not specifically note she considered petitioner's financial circumstances and alternative conditions of release, and argues that the packet of exhibits the government submitted at the bond hearing present no evidence petitioner poses a flight risk, and the immigration judge did not consider any alternatives required by the district court's order. (ECF No. 23). Briefing is now complete.

## II. LEGAL STANDARDS

The court has jurisdiction to enforce its own orders. See Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011) ("[T]he district court ha[s] authority to review compliance with its earlier order conditionally granting habeas relief."). A motion to enforce judgment is the "usual method" for requesting a court interpret its own judgment and compel compliance. California by & through Becerra v. Dep't of the Interior, No. 17-cv-5948, 2020 WL 13093994, at *3 (N.D. Cal. July 30, 2020) (citing Heartland Hosp. v. Thompson, 328 F. Supp. 2d 8, 11 (D.D.C. 2004)).

To prevail on a motion to enforce an injunction, "[t]he moving party has the burden of showing by clear and convincing evidence that the enjoined party violated a 'specific and definite order of the court.'" Kia Am., Inc. v. Rally Auto Grp., Inc., No. 8:22-CV-00109-JVS-JDE, 2022 WL 17185011, at *2 (C.D. Cal. Oct. 20, 2022) (quoting F.T.C. v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999)). If petitioner received all relief required by the Court's prior

judgment, the motion to enforce should be denied. Heartland Hosp., 328 F. Supp. 2d at 11. But if petitioner demonstrates respondents "ha[ve] not complied with a judgment entered against [them], even if the noncompliance was due to misinterpretation of the judgment," the motion shall be granted. Id.

The constitutionality of an immigration judge's bond determination presents mixed questions of fact and law, and the appropriate standard of review is "abuse of discretion." Martinez v. Clark, 124 F.4th 775, 783-84 (9th Cir. 2024). Under an abuse of discretion standard, the court does not reweigh evidence but instead considers whether the immigration judge "applied the correct legal standard." Id. (quoting Konou v. Holder, 750 F.3d 1120, 1127 (9th Cir. 2014)); see also Abdelhamid v. Ilchert, 774 F.2d 1447, 1450 (9th Cir. 1985) (the court's review for abuses of discretion is limited to those which allege violation by the agency of constitutional, statutory, regulatory or other legal mandates or restrictions) (citation and quotations omitted). In other words, "[i]n reviewing the IJ's determination, a district court may not second guess the IJ's weighing of the evidence. Instead, its review is limited to whether the IJ's decision 'reflects clear legal error or is unsupported by sufficient evidence.'" Quan v. Barr, No. 20-CV-08118, 2021 WL 308610, at *4 (N.D. Cal. Jan. 29, 2021) (quoting Hilario Pankim v. Barr, No. 20-CV-02941-JSC, 2020 WL 2542022, at *8 (N.D. Cal. May 19, 2020)). The reviewing court must bear in mind that "the government's discretion to incarcerate non-citizens is always constrained by the requirements of due process." Hernandez v. Sessions, 872 F.3d 976, 981 (9th Cir. 2017). When an immigration judge's decision is "arbitrary, irrational, or contrary to law," it is an abuse of discretion. Bonilla v. Lynch, 840 F.3d 575, 581 (9th Cir. 2016) (quoting Avagyan v. Holder, 646 F.3d 672, 678 (9th Cir. 2011)).

## III. DISCUSSION

Petitioner challenges several aspects of the immigration judge's bond hearing and determination, including that there was no evidence submitted that petitioner posed a flight risk, and the immigration judge failed to comply with the district court's order. (ECF No. 15.) Respondents argue that the immigration judge's decision correctly required the government to bear the burden of proof and applied the clear and convincing standard. (ECF No. 22.)

The Ninth Circuit has explained that if the immigration court "expressly cited and applied the relevant case law in rendering its decision," the court accepts that it "applied the correct legal standard" unless there is an indication of "any red flags." Martinez, 124 F.4th at 785 (citation modified). In determining whether the immigration judge applied the relevant case law appropriately, "the Court must decide whether the [IJ] relied upon proof that—as a matter of law—could not establish" petitioner's dangerousness or risk of flight. Kharis v. Sessions, No. 18-cv-04800-JST, 2018 WL 5809432, at *5 (N.D. Cal. Nov. 6, 2018).

The clear and convincing standard requires the government to present evidence that establishes "an abiding conviction that the truth of its factual contentions at issue are highly probable." Colorado v. New Mexico, 467 U.S. 310, 316 (1984) (internal citation and quotation marks omitted); see also Mondaca-Vega v. Lynch, 808 F.3d 413, 422 (9th Cir. 2015). This is only the case where "the material it offered instantly tilted the evidentiary scales in the affirmative when weighed against the evidence . . . offered in opposition." Colorado, 467 U.S. at 316. When reviewing a bond decision pursuant to a habeas petition, absent any "red flags," the district court should assume that the immigration judge applied the standard that it announced in its bond memorandum review of the immigration judge's bond decision. Martinez, 124 F.4th at 785. To determine whether a[ noncitizen] is a danger to the community or a risk of flight, an immigration judge weighs nine factors under BIA precedent." Id. at 784 (citing In re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006)). These non-exhaustive factors include fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. Id.

With these frameworks in mind, the Court now turns to the immigration judge's bond decision in petitioner's case.

### A. Inadequate Notice

Petitioner does not rest his motion on the grounds that he was not provided notice of the

bond hearing, but notes that he first saw the record about 20 minutes before the hearing, and DHS served its evidence at 2:43 a.m. the morning of the hearing. (See ECF No. 15 at 15-16; ECF No. 15-1 at 1-2.) It is concerning that petitioner's counsel was not provided notice of the hearing and only received the record shortly before the hearing. (See ECF No. 21.) Due to how long petitioner has been detained, however, petitioner's counsel ultimately declined the immigration judge's subsequent offer to continue the hearing. (ECF No. 21.) The Court therefore does not further consider the potential inadequate notice of the bond hearing.

**B. Financial Circumstances and Alternative Conditions of Release**

The district court's order expressly required the immigration judge "must consider petitioner's financial circumstances for bond and alternative conditions of release." (ECF No. 12 at 2.) In addition, "due process likely requires consideration of financial circumstances and alternative conditions of release." See Hernandez v. Sessions, 872 F.3d at 991. Here, respondent does not dispute that there is no indication that the immigration judge considered alternative conditions of release or petitioner's financial circumstances. (See ECF No. 22 at 4; ECF No. 14 at 2 (immigration judge's written order); ECF No. 21 (bond hearing recording).) The immigration judge's written order, which uses the form order, provides only the following as the reason bond was denied: "the Court found DHS established by clear and convincing evidence that [petitioner] is a significant flight risk such that no amount of bond is appropriate." (ECF No. 14 at 2.) The Court therefore finds that the district court's order was violated, the immigration judge abused her discretion by failing to follow the district court's order, and petitioner was not provided with a bond hearing that was compliant with the district court's order.

**C. No Danger**

The immigration judge agreed with the government that petitioner did not pose a danger to the community, stating she did not believe petitioner is a danger. (ECF No. 21.)

**D. Flight Risk**

Because the Court finds that the district court's order was violated as described above, the Court need not reach the remaining arguments regarding the immigration judge's finding as to flight risk.

## IV. REMEDY

The district court's order enjoined respondents from continuing to detain petitioner without a bond hearing as ordered by the district court. (ECF No. 12 at 2.) Because this Court finds that petitioner was not provided with a compliant bond hearing and where petitioner has been detained for almost 23 months, the appropriate remedy is release.

Petitioner argues he should be released without any conditions; respondents do not address conditions. However, the district court previously ordered that if petitioner were released, "Respondents may impose any restrictions or conditions determined to be necessary." (ECF No. 12 at 2.) Thus, this Court recommends that the district court's prior order related to conditions be incorporated.

## V. CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED:

1. Petitioner's motion to enforce (ECF No. 15) be GRANTED.
2. Respondents be ordered to IMMEDIATELY release petitioner Farouk Mohammed A. (A-246-800-415) and be ordered to provide petitioner with a copy of these findings and recommendations and the release order at or near the time of release. If respondents have custody of petitioner's personal possessions and documents (e.g., identification, passport, work permit, Social Security card, etc.), respondents shall return those to petitioner at the time of release. Respondents may impose any restrictions or conditions determined to be necessary.
3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless the government demonstrates, by clear and convincing evidence at a pre-deprivation constitutionally adequate bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that physical custody is legally justified. Petitioner shall be allowed to have counsel present at any such hearing. This injunction does not address other circumstances where detention authority is established under different authority than what is presented in this case (e.g., 8 U.S.C. § 1226(c) or 8 U.S.C. § 1231).

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: November 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

1/alwa6607.moenforce.2241.imm